# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# COLUMBUS DIVISION

| | |
|---|---|
| DEVONNA L. JOHNSON, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 2:24-cv-03906 |
| CASTRO LAW, LLC, | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

**NOW COMES** DEVONNA L. JOHNSON ("Plaintiff"), by and through the undersigned counsel, complaining as to the conduct of CASTRO LAW, LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Credit Repair Organization Act ("CROA"), pursuant to 15 U.S.C. § 1679, the Ohio Credit Services Organization Act ("OCSOA"), pursuant to OH. Rev. Code § 4712.01, and the Ohio Consumer Sales Practices Act ("OCSPA"), pursuant to OH. Rev. Code § 1345.01, as well as claims of Breach of Contract and Breach of Fiduciary Duty stemming from Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the CROA and 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

1

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Southern District of Ohio, Defendant conducts business in the Southern District of Ohio, and a substantial portion of events or omissions giving rise to the claims occurred within the Southern District of Ohio.

## PARTIES

5. Plaintiff is a natural person and consumer, over 18 years-of-age, residing in Cincinnati, Ohio.

6. Defendant is a law firm and credit repair organization that provides its clients a variety of services, including a program wherein consumers enroll debts that Defendant will subsequently negotiate settlements of on behalf of consumers so that such consumers can go about resolving outstanding debts. Defendant's principal place of business is located at 8211 East Regal Place, Suite 100-103, Tulsa, Oklahoma 74133.

7. Upon information and belief, Defendant is a partner of JGW Debt Settlement, LLC ("JGW") and routinely work in conjunction with one another when it comes to the provision of their respective credit repair, debt management, and other consumer financial services.

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. In January 2023, Plaintiff had a number of debts which were impacting her credit, prompting her to begin looking for companies who may be able to assist her in improving her overall credit rating and resolving her financial obligations.

10. Subsequently thereafter, Plaintiff came across an advertisement by Defendant that represented it could help consumers resolve their obligations by negotiating with creditors to reduce their outstanding debts and to remove creditors from their consumer credit reports.

11. Plaintiff spoke with Defendant who advised that Defendant would be able to resolve her debt obligations by negotiating with creditors to reduce her outstanding debts and to remove creditors from her consumer credit reports, and that in order to do so, Plaintiff would need to make bi-weekly payments over a certain period of time, which would go towards Defendant resolving her financial obligations and ultimately increasing her creditworthiness. Plaintiff detrimentally relied on Defendant's representations.

12. On January 30, 2023, Plaintiff entered into a contract with Defendant for its provision of credit repair and debt relief services. Plaintiff provided the debts she wanted addressed to Defendant and Defendant advised that it would be able to resolve her enrolled debts for reoccurring bi-weekly payments of around $129.80.

13. Specifically, Plaintiff enrolled a total debt amount of approximately $10,144.

14. Per the agreement, a portion of Plaintiff's payment was paid to JGW, which Defendant represented was for administrative services provided during Plaintiff's debt settlement negotiations, as well as potential legal representation in the event Plaintiff is sued by one of her creditors.

15. For over one year, Plaintiff proceeded to make her bi-weekly payments to Defendant in a consistent and timely manner.

16. Throughout their dealings, Defendant deceptively and misleadingly strung Plaintiff along, telling her what she wanted to hear in order for her to continue to make her bi-weekly payments, only to turn around and fail to deliver on the promises and representations that induced

3

Plaintiff's continued participation in Defendant's services. Plaintiff detrimentally relied on Defendant's false promises.

17. Defendant promised Plaintiff that her debts would be handled with care and that Defendant would negotiate with Plaintiff's creditors to settle all accounts and remove them from her credit reports within six months.

18. Despite telling Plaintiff it would negotiate with creditors to reduce her outstanding debts, Defendant failed to engage with Plaintiff's creditors and continued to retain its fees without paying Plaintiff's creditors.

19. Specifically, Plaintiff has engaged Defendant for over a year and has paid Defendant no less than $2,994. During this time, Defendant failed to resolve any of her enrolled debts.

20. Defendant's failure to effectively negotiate settlements left Plaintiff creditworthiness severely compromised, leading to substantial damage to her financial reputation and a substantial decrease to Plaintiff's FICO credit scores.[1]

21. Despite having ample funds, Defendant failed to fulfill its representations and neglected to make meaningful progress in resolving Plaintiff's outstanding debts.

22. Defendant's inactions and unfulfilled promises paints a picture of the misleading and deceptive nature of Defendant's services, resulting in financial harm to consumers and their creditworthiness.

23. Despite making timely bi-weekly payments, Defendant did not handle any of Plaintiff's enrolled debts that she detrimentally relied on Defendant to address.

---

[1] FICO is an acronym for Fair Isaac Corporation, the company that developed the FICO credit scoring models that many lenders use to help accurately predict a consumer's ability to repay a debt on time.

24. Frustrated, distressed, and concerned over Defendant's conduct, Plaintiff spoke with the undersigned attorney regarding her rights.

25. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, emotional distress, aggravation, mental anguish, pecuniary loss stemming from the payments made to Defendant for deficient credit repair services, payments made to Defendant in violation of federal law and federally protected interests to be free from deceptive and misleading conduct on the part of purported credit repair organizations and debt management companies.

### COUNT I – VIOLATIONS OF THE CREDIT REPAIR ORGANIZATIONS ACT

26. Plaintiff repeats and realleges paragraphs 1 through 25 as though fully set forth herein.

27. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1679a(1) of the CROA.

28. Defendant is a "credit repair organization" as defined by §1679a(3) of the CROA, as it is a person who uses any instrumentality of interstate commerce or the mails to sell, provide, or perform any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of improving a consumer's credit, credit history, or credit rating, or providing assistance to any consumer with regard to any activity or service for the purpose of improving a consumer's credit.

    a. **Violations of CROA § 1679b(a)**

29. The CROA, pursuant to 15 U.S.C. § 1679b(a)(3) prohibits any person from "mak[ing] or us[ing] any untrue or misleading representation of the services of the credit repair organization." Additionally, pursuant to 15 U.S.C. § 1679b(a)(4), any person is prohibited from "engag[ing], directly or indirectly, in any act, practice, or course of business that constitutes or

5

results in the commission of, or an attempt to commit, a fraud or deception on any person in connection with the offer or sale of the services of the credit repair organization."

30. Defendant violated the above referenced provisions of the CROA through its misrepresentations and deception as to the nature of the credit repair services it could provide Plaintiff. Despite promising Plaintiff that it would properly engage Plaintiff's creditors to reduce her debt and remove accounts from her credit report, Defendant failed to employ its resources to reduce any of her outstanding debts.

31. Further, Defendant violated the CROA through the deceptive nature of its billing practices. Upon information and belief, Defendant improperly charges consumers fees, which come out of the pot from which Defendant would be able to resolve enrolled obligations, which in turn forces consumers into longer periods, or higher amounts, of payments due to Defendant's improperly draining funds that should otherwise go towards resolving obligations. Defendant's unlawful billing practices constitutes a fraud designed to extract payments from consumers beyond that which Defendant originally represents in its initial meeting with consumers.

    **b.**    **Violations of CROA § 1679b(b)**

32. The CROA, pursuant to 15 U.S.C. § 1679b(b), states that "[n]o credit repair organization may charge or receive any money or other valuable consideration for the performance of any service which the credit repair organization has agreed to perform for any consumer before such service is fully performed."

33. Defendant violated § 1679b(b) as it charged and received money from Plaintiff in exchange for the performance of its services before such services were fully performed. Defendant has maintained Plaintiff's bi-weekly payments, and failed to return the same, despite Defendant

6

having failed to perform any of the services that would justify Defendant's retention of Plaintiff's bi-weekly payments.

      **c.**      **Violation of CROA § 1679f(b)**

34. The CROA, pursuant to 15 U.S.C. § 1679f(b) provides that, "[a]ny attempt by any person to obtain a waiver from any consumer of any protection provided by or any right of the consumer under [the CROA] shall be treated as a violation of [the CROA]."

35. Defendant violated 15 U.S.C. § 1679f(b) through its attempt to obtain Plaintiff's waiver of the protections afforded her under the CROA. Defendant's contract contains a provision which attempts to broadly shield itself from liability against protections afforded under CROA. Defendant's attempt to waive liability in this regard represents an attempt by Defendant to insulate itself from liability in connection with the manner in which it provided services to Plaintiff. Defendant's inclusion of a merger and integration clause in its contract further seeks to insulate Defendant from liability in connection with the way in which it represents its services to consumers, and does so in a feeble effort to avoid the CROA protections against the deceptive and misleading way in which CROs represent their services to consumers.

36. The CROA further dictates that any contract found not to be in compliance with the CROA "shall be treated as void" and "may not be enforced by any Federal or State court or any other person." 15 U.S.C. § 1679f(c).

37. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff DEVONNA L. JOHNSON, respectfully requests that the Honorable Court enter judgment in her favor as follows:

    a.    Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

    b.    Awarding Plaintiff actual damages to be determined at trail, as provided under 15 U.S.C. § 1679g(a)(1);

    c.    Awarding Plaintiff punitive damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(2)(A);

    d.    Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1679g(a)(3); and

    e.    Awarding any other relief as the Honorable Court deems just and appropriate.

**COUNT II - VIOLATIONS OF THE OHIO CREDIT SERVICES ORGANIZATION ACT**

38.    Plaintiff restates and realleges paragraphs 1 through 37 as though fully set forth herein.

39.    Plaintiff is a "buyer" as defined by O.R.C. § 4712.01(A).

40.    Defendant is a "credit services organization" as defined by O.R.C. § 4712.01(C)(1).

**a.    Violation of O.R.C. § 4712.07**

41.    The OCSOA, pursuant to O.R.C. § 4712.07, outlines a number of prohibited practices for credit service organizations.

42.    Pursuant to § 4712.07(A) provides that a CSO cannot "[c]harge or receive directly or indirectly from a buyer money or other consideration readily convertible into money until all services the organization has agreed to perform for the buyer are completed . . . ."

43.    Defendant violated the above in much the same way it violated 15 U.S.C. § 1679b(b).

44.    Pursuant to O.R.C. § 4712.07(C), provides that a CSO cannot "[m]ake or use a false or misleading representation in the offer or sale of the services of the organization." Pursuant to O.R.C. § 4712.07(D), a CSO cannot "[e]ngage, directly or indirectly in an unconscionable, unfair,

or deceptive act or practice . . . in connection with the offer or sale of the services of a credit services organization." Similarly, pursuant to O.R.C. § 4712.07(L), a CSO cannot "[e]ngage, directly or indirectly, in any fraudulent or deceptive act, practice, or course of business in connection with the offer or sale of the services of a credit services organization.

45. Defendant violated the above portions of the OCSOA in much the same way it violated 15 U.S.C. §§ 1679b(a)(3)-(4).

    **b.    Violation of O.R.C. § 4712.08**

46. Pursuant to O.R.C. § 4712.08, lists a number of further conduct which is prohibited, including making "false promises through advertising or other means in the conduct of its business or engage in a continued course of misrepresentations in the conduct of its business" and engaging "in conduct that constitutes improper, fraudulent, or dishonest dealings in the conduct of its business." O.R.C. §§ 4712.08(B) & (C).

47. Defendant violated the above portions of the OCSOA in much the same way it violated 15 U.S.C. §§ 1679b(a)(3)-(4).

48. As alleged above, Plaintiff was severely harmed by Defendant's actions and inactions.

**WHEREFORE**, Plaintiff DEVONNA L. JOHNSON, respectfully requests that the Honorable Court enter judgment in her favor as follows:

    a.    Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

    b.    Awarding Plaintiff actual damages pursuant to O.R.C. § 4712.10(A);

    c.    Awarding Plaintiff punitive damages pursuant to O.R.C. § 4712.10(A);

  d.  Awarding Plaintiff's costs and reasonable attorney fees, pursuant to O.R.C. § 4712.10(A); and,

  e.  Awarding any other relief the Honorable Court deems just and appropriate.

### COUNT III - VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT

49. Plaintiff restates and realleges paragraphs 1 through 48 as though fully set forth herein.

50. Plaintiff is a "person" as defined by OH. Rev. Code § 1345.01(B).

51. Defendant is a "person" and "supplier" as defined by OH. Rev. Code §§ 1345.01(B) and (C).

52. Plaintiff and Defendant engaged in a "consumer transaction" as defined by OH. Rev. Code § 1345.01(A).

53. Pursuant to OH. Rev. Code § 1345.02(A), "[n]o supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during, or after the transaction."

54. Defendant violated OH. Rev. Code § 1345.02(A), by failing to engage in any of the services it represented it would perform for Plaintiff, instead billing Plaintiff for her bi-weekly payments without providing any of the services it represented it would perform.

55. Moreover, it was unfair and deceptive for Defendant to advise Plaintiff to stop paying her creditors and become delinquent in order to provide her with service, only to turn around and completely fail to engage with any of her creditors as represented. These actions left Plaintiff financially vulnerable and dramatically dropped her credit score.

56. Pursuant to OH. Rev. Code §§ 1345.03(A) and (B), "[n]o supplier shall commit an unconscionable act or practice in connection with a consumer transaction. Such an unconscionable act or practice by a supplier violates this section whether it occurs before, during, or after the transaction."

57. Defendant violated OH. Rev. Code §§ 1345.03(A) and (B) when it unconscionably retained significant sums of bi-weekly payments for over a year from Plaintiff, without providing her with any real change in services it promised her in the initial signup period.

58. As alleged above, Plaintiff was severely harmed by Defendant's actions and inaction.

**WHEREFORE**, Plaintiff DEVONNA L. JOHNSON, respectfully requests that the Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations pursuant to OH. Rev. Code § 1345.09;

c. Awarding Plaintiff costs and reasonable attorney fees pursuant to OH. Rev. Code § 1345.09; and

d. Awarding any other relief as the Honorable Court deems just and appropriate.

### COUNT IV – BREACH OF CONTRACT

59. Plaintiff restate and realleges paragraphs 1 through 58 as though fully set forth herein.

60. Defendant breached the underlying agreement between the parties in several material respects.

61. Defendant breached the underlying agreement through its failure to perform the financial services it was contractually obligated to perform. Despite Defendant's contractual duty to negotiate and settle Plaintiff enrolled debts and to improve Plaintiff's credit scores, Defendant breached that duty through its subsequent conduct.

62. Defendant further breached the underlying agreement through its failure to refund Plaintiff for service fees in connection with services Defendant completely failed to perform. Defendant was contractually obligated to refund such amounts yet failed to do so.

**WHEREFORE**, Plaintiff DEVONNA L. JOHNSON, respectfully requests that the Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff actual damages;

c. Award Plaintiff punitive damages; and,

d. Awarding any other relief as the Arbitrator deems just and appropriate.

e. Enjoining Defendant from continuing its unlawful conduct; and

f. Awarding any other relief as the Honorable Court deems just and appropriate.

### COUNT V – BREACH OF FIDUCIARY DUTY

63. Plaintiff restate and realleges paragraphs 1 through 62 as though fully set forth herein.

64. Defendant owed Plaintiff a fiduciary duty arising out of the nature of their relationship. Defendant was purporting to begin improving Plaintiff's credit score and engage with Plaintiff's creditors to execute a resolution for Plaintiff's enrolled debts.

65. Defendant breached its fiduciary duty owed Plaintiff given the nature of the services it provided Plaintiff. Despite purporting to have Plaintiff's best interest in mind, Defendant caused Plaintiff significant hardship through its provision of objectively and unreasonably misguided advice. Defendant further breached its fiduciary duty by failing to engage Plaintiff's creditors to negotiate and settle Plaintiff's enrolled debts, underpinning the reason Plaintiff decided to utilize Defendant's services. Defendant completely disregarded the fiduciary duties it owed Plaintiff, and Plaintiff's breach of such duty caused Plaintiff significant financial harm as well as emotional distress.

**WHEREFORE**, Plaintiff DEVONNA L. JOHNSON, respectfully requests that the Honorable Court enter judgment in her favor as follows:

 a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

 b. Awarding Plaintiff actual damages;

 c. Award Plaintiff punitive damages;

 d. Award Plaintiff reasonable attorney's fees and costs;

 e. Enjoining Defendant from continuing its unlawful conduct; and

 f. Awarding any other relief as the Honorable Court deems just and appropriate.

Dated: September 4, 2024                                  Respectfully submitted,

                                                                                                       */s/ Chad W. Eisenback*
Chad W. Eisenback, Esq.
Sulaiman Law Group, Ltd.
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
Fax: (630) 575-8188
eisenback@sulaimanlaw.com
*Counsel for Plaintiff*